UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EMILIANO PEREZ, as Administrator of the Estate of
JUAN RENE JAVIER PEREZ,

                      Plaintiff,

-against-

TOWN OF BEDFORD, TOWN/VILLAGE OF MOUNT
KISCO and GEORGE BUBARIS, individually,
                      Defendants.
------------------------------------------------------------------x

**ANSWER**

07 Civ. 8780 (CLB)

For the answer to the complaint of the plaintiff in the above entitled case, defendant TOWN/VILLAGE OF MOUNT KISCO, by its attorneys, SANTANGELO RANDAZZO & MANGONE LLP, says:

### NATURE OF ACTION

1. The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court. Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

2. The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

### THE PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiff's complaint.

4. Defendant admits the allegations contained in paragraph "4" of the plaintiff's complaint.

5. Defendant admits the allegations contained in paragraph "5" of the plaintiff's complaint.

6. Defendant admits the allegations contained in paragraph "6" of the plaintiff's complaint that defendant George Bubaris was a police officer employed by the Village of Mt. Kisco but denies that prior to the events of April 28, 2007, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like and refers all other questions of law to this Honorable Court.

## THE FACTS

7. Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint.

8. Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint.

9. Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph "11" of the plaintiff's complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of plaintiff's complaint.

13. Defendant denies knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "13" of plaintiff's complaint.

14. Defendant admits the allegations contained in paragraph "14" of the plaintiff's complaint.

### ANSWERING A FIRST CLAIM

15. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein.

16. Defendant denies the allegations contained in paragraph "16" of the plaintiff's complaint.

### ANSWERING A SECOND CLAIM

17. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein

18. Defendant denies the allegations contained in paragraph "18" of the plaintiff's complaint.

### ANSWERING A THIRD CLAIM

19. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein.

20. Defendant denies the allegations contained in paragraph "20" of the plaintiff's complaint.

## ANSWERING A FOURTH CLAIM

21. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein.

22. Defendant denies the allegations contained in paragraph "22" of the plaintiff's complaint.

## ANSWERING A FIFTH CLAIM

23. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein

24. Defendant denies the allegations contained in paragraph "24" of the plaintiff's complaint.

## ANSWERING A SIXTH CLAIM

25. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein.

26. Defendant denies the allegations contained in paragraph "26" of the plaintiff's complaint.

## ANSWERING A SEVENTH CLAIM

27. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-14 of this Answer with the same force and effect as if set forth more fully at length herein.

28. Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "28" of plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. Any conduct which is alleged by plaintiff is ***de minimis*** and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Any harm which came to Rene Perez was a direct and proximate result of his own actions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the Town/Village of Mount Kisco, and thus the action against the Town/Village must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Insofar as plaintiff seeks to impose liability to defendant Town/Village of Mount Kisco simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. The complaint fails to state a claim upon which relief can be granted.

**W H E R E F O R E,** the defendant prays judgment that the complaint of the plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to defendant.

Dated: Hawthorne, New York
November 1, 2007

Yours, etc.,

SANTANGELO RANDAZZO & MANGONE LLP

By: _____
James A. Randazzo(0156)
Attorneys for Defendants-Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

TO:   LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

RUTHERFORD & CHRISTIE
Attorneys for Defendant-George Bubaris
300 East 42nd Street
18th Floor
New York, New York 10017
(212) 599-5799

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on November 6, 2007, I served the within ANSWER upon all parties, by electronic filing a copy thereof, as provided to defendant by notification from this Court:

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401


RUTHERFORD & CHRISTIE, LLP
Attorney for Defendant- George Bubaris
300 East 42nd Street
New York, New York 10017
(212) 599-5799

_____
James A. Randazzo (JR-0156)