UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EMILIANO PEREZ, as Administrator of the Estate of           **ANSWER TO FIRST**
JUAN RENE JAVIER PEREZ,                                      **AMENDED COMPLAINT**
                                                             **AND CROSS CLAIM**

                              Plaintiff,     07 Civ. 8780 (CLB)
     -against-

TOWN/VILLAGE OF MOUNT
KISCO and GEORGE BUBARIS, individually,
                            Defendants.
-------------------------------------------------------------------x

        For the answer to the first amended complaint of the plaintiff in the above entitled case, defendant, Town/Village of Mount Kisco, by its attorneys, SANTANGELO RANDAZZO & MANGONE LLP, says:

### NATURE OF THE CASE

1.    The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court. Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION

2.    The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

### THE PARTIES

3.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiff's complaint.

4. Defendant admits the allegations contained in paragraph "4" of the plaintiff's complaint.

5. Defendant admits the allegations contained in paragraph "5" of the plaintiff's complaint that defendant George Bubaris was a police officer employed by the Village of Mt. Kisco but denies that prior to the events of April 28, 2007, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like and refers all other questions of law to this Honorable Court.

## THE FACTS

6. Defendant denies the allegations contained in paragraph "6" of the plaintiff's complaint.

7. Defendant denies the allegations contained in paragraph "7" of the plaintiff's complaint.

8. Defendant denies the allegations contained in paragraph "8" of the plaintiff's complaint.

9. Defendant denies the allegations contained in paragraph "9" of the plaintiff's complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of plaintiff's complaint.

12. Defendant admits the allegations contained in paragraph "12" of the plaintiff's complaint.

### ANSWERING A FIRST CLAIM
### AGAINST BUBARIS

13. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more fully at length herein.

14. Defendant denies the allegations contained in paragraph "14" of the plaintiff's complaint.

### ANSWERING A SECOND CLAIM
### AGAINST BUBARIS

15. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more fully at length herein

16. Defendant denies the allegations contained in paragraph "16" of the plaintiff's complaint.

### ANSWERING A THIRD CLAIM
### AGAINST BUBARIS

17. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more fully at length herein.

18. Defendant denies the allegations contained in paragraph "18" of the plaintiff's complaint.

### ANSWERING A FOURTH CLAIM
### AGAINST BUBARIS

19. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more

fully at length herein.

20. Defendant denies the allegations contained in paragraph "20" of the plaintiff's complaint.

### ANSWERING A FIFTH CLAIM
### AGAINST BUBARIS AND MOUNT KISCO

21. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more fully at length herein

22. Defendant denies the allegations contained in paragraph "22" of the plaintiff's complaint.

### ANSWERING A SIXTH CLAIM
### AGAINST MOUNT KISCO

23. Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs 1-12 of this Answer with the same force and effect as if set forth more fully at length herein.

24. Defendant denies the allegations contained in paragraph "24" of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. Any conduct which is alleged by plaintiff is *de minimis* and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Any harm which came to Rene Perez was a direct and proximate result of his own actions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the Town/Village of Mount Kisco, and thus the action against the Town/Village must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. Insofar as plaintiff seeks to impose liability to defendant Town/Village of Mount Kisco simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. George Bubaris acted outside the scope of his employment and thus the Town/Village of Mount Kisco is not liable for his actions.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff failed to comply with the requirements of General Municipal Law Section 50-e et seq with respect to any claim for conscious pain and suffering.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. One or more of the plaintiff's claims are barred by the applicable statute of

limitations.

### AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANT GEORGE BUBARIS WITH RESPECT TO THE STATE CLAIMS

34. If plaintiff sustained any injuries as alleged, other than through his own negligence, and if the answering defendant is found liable to plaintiff for any portion of those damages, then such liability shall derive from the carelessness, recklessness, negligence or intentional acts, or commission or omissions, on the part of the defendant George Bubaris, without any carelessness, recklessness, negligence, or intentional actions, commissions, or omissions on the part of the answering defendant and, accordingly, the answering defendant is entitled to common-law and/or contractual indemnification over and against defendant George Bubaris for the amount of any such reward.

### AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANT GEORGE BUBARIS WITH RESPECT TO THE STATE CLAIMS

35. If plaintiff sustained the damages in the manner and at the time and place alleged through any carelessness, recklessness, negligence or intentional action, or commissions or omissions other than plaintiff's own, then said damages were sustained in whole or in part by reason of the carelessness, recklessness, negligence, or intentional acts, or commissions or omissions on the part of defendant George Bubaris, and if any judgment is recovered herein against the answering defendant, then the answering defendant would be damaged thereby and would be entitled to contribution on the basis of apportionment of responsibility for the alleged occurrence and entitled to judgment over and against defendant George Bubaris, for all or part of any verdict or judgment that plaintiff may recover against the answering defendant, together with costs, disbursements and attorneys' fees for this action.

**W H E R E F O R E**, the defendant prays judgment that the complaint of the plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to defendant.

Dated: Hawthorne, New York
January 21, 2008

Yours, etc.,

SANTANGELO RANDAZZO & MANGONE LLP

By: _____
James A. Randazzo(0156)
Attorneys for Defendants-Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

TO:  LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

RUTHERFORD & CHRISTIE
Attorneys for Defendant-George Bubaris
369 Lexington Avenue
8th Floor
New York, New York 10017
(212) 599-5799

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on January 24, 2008, I served the within ANSWER TO FIRST AMENDED COMPLAINT AND CROSS CLAIM upon all parties, by Electronic Case Filing, the address as provided to defendant by notification from this Court and by electronic filing:

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

RUTHERFORD & CHRISTIE
Attorneys for Defendant-George Bubaris
369 Lexington Avenue
8th Floor
New York, New York 10017
(212) 599-5799

_____
James A. Randazzo (JR-0156)