UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

                    Plaintiff,

-against-

TOWN/VILLAGE OF MT. KISCO,
New York, and GEORGE BUBARIS,
individually,

                    Defendants.
------------------------------------------------------------------X

ECF CASE

07 CIV 8780 (CLB)

**ANSWER TO**
**CROSS-CLAIM**

Defendant, GEORGE BUBARIS, by and through his attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for an Answer to the Cross-Claim of the co-defendant, Village of Mt. Kisco, herein, respectfully sets forth as follows, upon information and belief:

FIRST: Defendant repeats, reiterates and realleges each and every response to all of the allegations contained in the plaintiff's First Amended Complaint with the same force and effect as if set forth herein at length.

## AS AND FOR AN ANSWER TO THE FIRST CROSS-CLAIM

SECOND: Denies each and every allegation contained in the paragraph designated as "34" of the co-defendant's Answer and Cross-Claim.

## AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM

THIRD: Denies each and every allegation contained in the paragraph designated as "35" of the co-defendant's Answer and Cross-Claim.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTH: Upon information and belief, that whatever damages the plaintiff and/or decedent may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff and/or decedent. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff and/or decedent, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH: Upon information and belief, any of plaintiff's and/or decedent's injuries and damages were caused by the culpable conduct of some third person or persons for whose conduct the answering defendant is not responsible.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If it is determined that the decedent assumed the risk, this answering defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff and/or decedent bears to the culpable conduct which caused the damages.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH: If the injuries and damages were sustained by the plaintiff and/or decedent at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the answering defendant, the amount of such damages shall be diminished in proportion which the culpable conduct attributable to third-parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH: The answering defendant did not take part in or direct any of the acts complained of which resulted in plaintiff's alleged injuries.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

NINTH: Plaintiff's and/or decedent's damages were caused and brought about by an intervening and superseding cause and were not caused by the answering defendants, or by a person or entity for whom the answering defendant is responsible.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TENTH: Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral

sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

**WHEREFORE**, the defendant demands a judgment dismissing the Complaint and the Cross-Claim, and if such relief not be granted, then that his liability be limited as prayed herein, together with an award of the costs and disbursements of defending this action and such other and further relief to which this Court deems just and proper under the circumstances.

Dated: New York, New York
February 14, 2008

Respectfully submitted,

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)
Attorneys for Defendant,
GEORGE BUBARIS
369 Lexington Avenue - 8th Floor
New York, New York 10017
(212) 599-5799

TO: LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
Attention: Jonathan Lovett, Esq.

SANTANGELO RANDAZZO & MANGONE LLP
Attorney for Co-Defendant, Village of Mt. Kisco
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Attention: James A. Randazzo, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 14, 2008, a copy of the within **ANSWER TO CROSS-CLAIM** was furnished via Regular Mail to LOVETT & GOULD, LLP, 222 Bloomingdale Road, White Plains, New York 10605, Attention: Jonathan Lovett, Esq., MIRANDA, SOKOLOFF, SAMBURSKY, SLONE & VERVENIOTIS LLP, 240 Mineola Boulevard, The Esposito Building, Mineola, New York 11501, Attention: Steven C. Stern, Esq. and SANTANGELO RANDAZZO & MANGNONE LLP, 151 Broadway, Hawthorne, New York 10532, Attention: James A. Randazzo, Esq.

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)