UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

                               Plaintiff,

        -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

                             Defendants.
------------------------------------------------------------X

**ECF CASE**

**07 CIV 8780 (CLB)**

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT, GEORGE BUBARIS'S MOTION
## TO QUASH PLAINTIFF'S SUBPOENA

*Of Counsel:*

    Lewis R. Silverman
    Julie A. Rivera

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...........................................................................................1

**STATEMENT OF FACTS**.................................................................................................. 1

**ARGUMENT**.......................................................................................................................2

### POINT I

The Subpoena Should Be Quashed And A Protective Order Should Be Issued................2

**CONCLUSION** ...................................................................................................................4

# TABLE OF AUTHORITIES

**Cases:**

Bulow v. Bulow,
      828 F.2d 94, 100 (2d Cir. 1987).................................................................................2

Langford v. Chrysler Motors Corp.,
      513 F.2d 1121, 1126 (2d Cir. 1975)............................................................................2

Solow v. Conseco, Inc.,
      2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008).......................................................2

Upjohn Co. v. U.S.,
      449 U.S. 383, 390 (1984)............................................................................................2

**Statutes, Rules and Regulations**

Federal Rules of Civil Procedure 45

Federal Rules of Civil Procedure 26

Federal Rules of Evidence 501

C.P.L.R. § 4503

## PRELIMINARY STATEMENT

Defendant, GEORGE BUBARIS ("Defendant") submits this Memorandum of Law pursuant to Fed. R. Civ. Pro. 45(3)(iii) in support of his Motion to Quash the plaintiff's subpoena for the production of Edward W. Hayes, Esq. and for a protective order, pursuant to Fed. R. Civ. Pro. 26 (c)(1)(A) to prevent the testimony of Mr. Hayes on the basis that any information possessed by Mr. Hayes is protected by attorney-client privilege.

## STATEMENT OF FACTS

Edward Hayes, Esq. was originally retained by the defendant to represent him in the criminal matter relating to the instant action. Mr. Hayes represented the defendant after the Grand Jury Proceedings in September, 2007 and remained his attorney of record until March, 2008. Mr. Hayes appeared at several court appearances on behalf of the defendant. Any communications held between Mr. Hayes and the defendant were done for the sole purpose of obtaining legal advice and to prepare the appropriate defense.

It is the defendant's position that any information possessed by Mr. Hayes was acquired during the course of his representation of the defendant and, as such, is protected by attorney-client privilege. The defendant has neither implicitly or explicitly waived this privilege nor has he provided consent to disclose any information acquired during the course of the attorney-client relationship. Further, if the Court were to allow Mr. Hayes to testify, such information may be prejudicial to the defendant due to the possibility of federal criminal charges. As such, it is necessary to quash the subpoena and issue a protective order to prevent the testimony of Mr. Hayes.

## ARGUMENT

### I. THE SUBPOENA SHOULD BE QUASHED AND A PROTECTIVE ORDER SHOULD BE ISSUED

Fed. R. Civ. Pro. Rule 45(3)(B)(I) allows a person affected by a subpoena which requires disclosure of, *inter alia*, privileged information to object to the same. A party making a claim of privilege may challenge a non-party subpoena. See genlly, Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); see also, Solow v. Conseco, Inc., 2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008). Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure allows a party to move for a protective order forbidding disclosure or discovery in order to protect a party's interest.

Fed. R. Evid. 501 indicates that State law defines the elements of attorney-client privilege. In New York State, the privilege is defined by C.P.L.R. §4503 in which it states that confidential communications made between an attorney and the client in the course of professional employment are considered privileged. C.P.L.R. §4503(a)(1). The purpose of the attorney-client privilege is to encourage full and frank disclosure between the attorney and the client for purposes of enabling the attorney to give sound and informed legal advice. See, Upjohn Co. v. U.S., 449 U.S. 383, 390 (1984). The privilege belongs solely to the client and may only be waived by him. Bulow v. Bulow, 828 F.2d 94, 100 (2d Cir. 1987). An attorney may not waive the privilege without the client's consent. Id.

In the instant matter, the plaintiff has subpoenaed the defendant's former attorney, Edward W. Hayes, Esq. to appear for a non-party deposition. Mr. Hayes does not possess any first hand information or knowledge relating to the instant matter. Any information or knowledge known by Mr. Hayes was **only** acquired during the course of his attorney-client relationship with the defendant.

2

Mr. Hayes was the defendant's legal representative following the Grand Jury Proceedings and remained his legal representative until March 2008.

Mr. Hayes did not personally witness any events or incidents which would lead to independent knowledge surrounding the circumstances of this matter. Any information disclosed by the defendant to Mr. Hayes was disclosed in the confines of the attorney-client relationship and for purposes of obtaining legal advice on the pending criminal indictment. Under no circumstances has the defendant waived, or intends to waive, his attorney-client privilege with Mr. Hayes.

There is no real purpose for Mr. Hayes to testify and by allowing him to do so will only create a possible prejudicial effect towards the defendant. In June, 2008, the defendant was acquitted of all charges stemming from the Grand Jury Indictment. However, there is the possibility of a federal investigation and possible indictment in the United States District Court. There is nothing to be gained from Mr. Hayes' testimony as any relevant facts known to him were obtained during the course of the attorney-client relationship and for the sole purposes of preparing a legal defense on behalf of the defendant. Mr. Hayes' does not possess any non-privileged information that would assist the prosecution of the instant matter. As such, he should not be allowed to appear for a deposition.

To conclude, the subpoena for the testimony of Mr. Hayes should be quashed and a protective order should be issued in order to the protect the interest of the defendant.

## CONCLUSION

Based upon the foregoing, defendant GEORGE BUBARIS respectfully requests that the within Court quash the plaintiff's subpoena pursuant to Fed. R. Civ. Pro. Rule 45 and issue a protective order to prevent the testimony of Edward W. Hayes pursuant to Fed. R. Civ. Pro. Rule 26 ( c) as a matter of law.

Dated: New York, New York
June 25, 2008

                              Respectfully submitted,

                              **RUTHERFORD & CHRISTIE, LLP**

By: _____
      Lewis R. Silverman (LS-9723)
      Julie A. Rivera (JR-1817)
      Attorneys for Defendant,
      GEORGE BUBARIS
      369 Lexington Avenue, 8th Floor
      New York, New York 10017
      (212) 599-5799
      Our File No.: 1020.035

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401
        Attention: Jonathan Lovett, Esq.

        SANTANGELO RANDAZZO & MANGNONE LLP
        Attorney for Co-Defendant Town/Village of Mount Kisco
        151 Broadway
        Hawthorne, New York 10532
        (914) 741-2929
        Attention:  James A. Randazzo, Esq.