UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

                    Plaintiff,

            -against-

TOWN/VILLAGE OF MT. KISCO,
New York, and GEORGE BUBARIS,
individually,

                    Defendants.
-----------------------------------------------------------x

07 Civ. 8780 (CLB)

**FIRST AMENDED
COMPLAINT**

**Jury Trial Demanded**

[RECEIVED DEC 1 2007 USDC-SDNY stamp]

Plaintiff EMILIANO PEREZ, as Administrator of the Estate of JUAN RENE JAVIER PEREZ, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct jointly engaged in by Defendants while acting under color of the laws of the State of New York, for the violation of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343. Plaintiff's state law claim against George Bubaris for wrongful death is interposed pursuant to the Court's supplemental jurisdiction, 28 U.S.C. §1367. In connection with the filing of this action Plaintiff served upon the Town/Village of Mt. Kisco a notice of

1

claim for wrongful death as committed by Bubaris. For lack of any competent witness who could testify as to out-of-pocket losses sustained by the Decedent a 50-h hearing was waived. More than thirty days from the date of service of the notice of claim have passed and this state law claim remains unadjusted and unresolved..

## THE PARTIES

3. Plaintiff EMILIANO PEREZ, as Administrator of the Estate of JUAN RENE JAVIER PEREZ (hereinafter "Rene Perez"), was issued Letters of Administration by the Surrogate's Court, County of Westchester on October 10, 2007. Decedent was the victim of an April 28, 2007, homicide committed by Defendant Bubaris.

4. Defendant TOWN/VILLAGE OF MT. KISCO, New York (hereinafter "Mt. Kisco"), is also a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

5. Defendant GEORGE BUBARIS (hereinafter "Bubaris"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Police Officer employed by Mt. Kisco. With respect to the events set forth *infra* Bubaris was on duty and in all respects acting under color of the laws of the State of New York. Prior to the events of April 28, 2007, as set forth *infra*, Bubaris had made public his belief that Rene Perez was a "bad" person whom he (Bubaris) did not like.

## THE FACTS

6. Mt. Kisco has for a substantial period of time established and maintained a practice, policy and custom quaintly referred to in police parlance as "border dumping".

2

7. Border dumping, as routinely practiced by Mt. Kisco by means of its police officers, intentionally targets indigent male Hispanics of Guatemalan national origin (hereinafter the "target") who members of the police department believe should not be permitted to enter into and/or remain within their municipality.

8. As routinely applied by the police in Mt. Kisco, officers assigned to patrol duties:

> a. Select a target with respect to whom they have developed, by reason of prior interactions, personal animus motivated in whole and/or substantial respect by reason of the target's: national origin; skin color; and/or ethnicity,
>
> b. Involuntarily take the target into police custody without lawful cause, much less probable and/or arguable probable cause,
>
> c. Force the target to enter into and remain within a police vehicle,
>
> d. Without authority or permission of the target, transport the target across the border between Mt. Kisco and the Town of Bedford,
>
> e. Dump the target and/or his body in the Town of Bedford, and
>
> f. Return to their own jurisdiction without officially reporting their conduct.

9. On April 28, 2007, at or about 11:30 P.M. Bubaris encountered and targeted Rene Perez (for the same reasons referenced in paragraph "8", *supra*) for an act of border dumping. In that connection Rene Perez was:

> a. Forcefully struck by Bubaris with a metal police "baton" and/or a "PR-24" (nightstick) in the lower abdominal area causing him serious

3

physical injury and massive internal bleeding,

b. Involuntarily taken into custody by Bubaris without cause much less probable and/or arguable probable cause, thereafter,

c. Forced into Bubaris' assigned police vehicle,

d. Without authority or permission transported out of Mt. Kisco to a desolate location just inside the geographic boundary of the Town of Bedford (near, but just outside the geographic boundary of the Town of North Castle), and, although seriously injured due to the blow to his abdomen and in dire need of emergency medical attention,

e. Intentionally dumped by Bubaris on the shoulder of Byram Lake Road.

10. Shortly thereafter his body was discovered by passers-by who called for emergency medical assistance. As a result Rene Perez, then still conscious and aware of his circumstances, was removed to a local hospital where several hours thereafter he died as a result of the internal bleeding. The death has been ruled by the Westchester County Medical Examiner to be a "homicide".

11. In the morning hours of April 29, 2007, after Bubaris learned of Rene Perez' death, Bubaris admitted to at least one sworn member of the Mt. Kisco Police Department that he had decided the night before to go "hunting" for Rene Perez, found him, transported him in his police vehicle, and dumped him on Byram Lake Road.

12. Thereafter by Indictment #07-0679 Bubaris was charged by a Westchester County Grand Jury with one count of Manslaughter in the Second Degree [New York Penal Law §125.15), two counts of Official Misconduct (New York Penal Law §195.00),

4

and one count of Unlawful Imprisonment in the First Degree (New York Penal Law §135.10).

### AS AND FOR A FIRST CLAIM
### AGAINST BUBARIS

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Bubaris' homicide of Rene Perez violated Decedent's right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM
### AGAINST BUBARIS

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

16. Bubaris' intentional and/or reckless and/or negligent use of excessive force upon Rene Perez, resulting in massive internal bleeding, violated Decedent's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM
### AGAINST BUBARIS

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

18. Bubaris' targeting of Rene Perez by reason of his skin color, ethnicity, and/or national origin violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM
### AGAINST BUBARIS

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

20. Bubaris' border-dumping of Rene Perez violated Decedent's right to intra-state travel as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FIFTH CLAIM
### AGAINST BUBARIS AND MT. KISCO

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

22. The homicide of Rene Perez by Bubaris constitutes a wrongful death actionable for damages under the common law of the State of New York.

### AS AND FOR A SIXTH CLAIM
### AGAINST MT. KISCO

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

24. Mt. Kisco's policy, practice, and custom of border-dumping pursuant to which Rene Perez was removed from Mt. Kisco on April 28, 2007, and discarded in Bedford, violated Decedent's right to intra-state travel as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding as against Bubaris such compensatory and punitive damages as the jury may impose,

b. Awarding as against Bedford such compensatory damages as the jury may determine,

c. Awarding as against all Defendants reasonable attorney's fees and costs,

d. Declaring unconstitutional and permanently enjoining border-dumping by Mt. Kisco, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      December 18, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

7