UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

         Plaintiff,

   -against-

TOWN/VILLAGE OF MT. KISCO,
New York, and GEORGE BUBARIS,
individually,

         Defendants.
-------------------------------------------------------------------X

ECF CASE

07 CIV 8780 (CLB)

**ANSWER TO FIRST AMENDED COMPLAINT**

  Defendant, GEORGE BUBARIS, by and through his attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for an Answer to the Complaint of the plaintiff herein, respectfully set forth as follows, upon information and belief:

### NATURE OF ACTION

  FIRST: The allegations contained in paragraph "1" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court. Further, defendant denies any conduct giving rise to a cause of action pursuant to enumerated statutes.

### JURISDICTION AND VENUE

  SECOND: The allegations contained in paragraph "2" of the complaint constitute conclusions of law to which defendant makes no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

## THE PARTIES

THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiff's First Amended Complaint.

FOURTH: Admits each and every allegation contained in the paragraph designated as "4" of the plaintiff's First Amended Complaint.

FIFTH: Denies each and every allegation contained in the paragraph designated as "5" of the plaintiff's First Amended Complaint

## THE FACTS

SIXTH: Denies each and every allegation contained in the paragraph designated as "6" of the plaintiff's First Amended Complaint

SEVENTH: Denies each and every allegation contained in the paragraph designated as "7" of the plaintiff's First Amended Complaint

EIGHTH: Denies each and every allegation contained in the paragraph designated as "8" of the plaintiff's First Amended Complaint

NINTH: Denies each and every allegation contained in the paragraph designated as "9" of the plaintiff's First Amended Complaint.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the plaintiff's First Amended Complaint.

ELEVENTH: Denies each and every allegation contained in the paragraph designated as "11" of the plaintiff's First Amended Complaint.

TWELFTH: Admits each and every allegation contained in the paragraph designated as "12" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM

THIRTEENTH: As and for an answer to paragraph "13" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

FOURTEENTH: Denies each and every allegation contained in the paragraph designated as "14" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM

FIFTEENTH: As and for an answer to paragraph "15" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

SIXTEENTH: Denies each and every allegation contained in the paragraph designated as "16" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CLAIM

SEVENTEENTH: As and for an answer to paragraph "17" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the

plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

EIGHTEENTH: Denies each and every allegation contained in the paragraph designated as "14" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CLAIM

NINETEENTH: As and for an answer to paragraph "19" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

TWENTIETH: Denies each and every allegation contained in the paragraph designated as "20" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CLAIM

TWENTY-FIRST: As and for an answer to paragraph "21" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

TWENTY-SECOND: Denies each and every allegation contained in the paragraph designated as "22" of the plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CLAIM

TWENTY-THIRD: As and for an answer to paragraph "23" of the plaintiff's First Amended Complaint, defendant repeats, reiterates and realleges each and every response to the plaintiff's First Amended Complaint contained in paragraphs "1" through "12" above with the same force and effect as if set forth herein at length.

TWENTY-FOURTH: Denies each and every allegation contained in the paragraph designated as "24" of the plaintiff's First Amended Complaint.

## AS AND FOR A FIRST SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Upon information and belief, that whatever damages the plaintiff and/or decedent may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff and/or decedent. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff and/or decedent, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Upon information and belief, any of plaintiff's and/or decedent's injuries and damages were caused by the culpable conduct of some third person or persons for whose conduct the answering defendant is not responsible.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: If it is determined that the decedent assumed the risk, this answering defendant pleads said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff and/or decedent bears to the culpable conduct which caused the damages.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: If the injuries and damages were sustained by the plaintiff and/or decedent at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the answering defendant, the amount of such damages shall be diminished in proportion which the culpable conduct attributable to third-parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: That the Complaint herein or a part thereof fails to state a claim or cause of action upon which relief may be granted against the answering defendant.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: The answering defendant did not take part in or direct any of the acts complained of which resulted in plaintiff's alleged injuries.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: That the plaintiff failed to satisfy certain conditions precedent before filing this action against the answering defendant.

### AS AND FOR AN EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff's and/or decedent's damages were caused and brought about by an intervening and superseding cause and were not caused by the answering defendants, or by a person or entity for whom the answering defendants is responsible.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: This Court lacks jurisdiction over the answering defendant based upon improper service of process.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: That the individual answering defendant, GEORGE BUBARIS, enjoys qualified immunity with respect to those acts that are performed pursuant to his duties and responsibilities as an employee of the VILLAGE OF MT. KISCO.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: That defendant's conduct did not violate clearly established constitutional or statutory rights of which a reasonable person would have known and decedent had an objectively reasonable belief that his conduct did not violate plaintiff's/decedent's rights.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: The answering defendant did not act maliciously or with ill will toward the plaintiff/decedent.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: The answering defendant did not make a deliberate decision to deprive the plaintiff/decedent of any constitutional rights.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-NINTH: The defendant did not violate any of the plaintiff's/decedent's rights pursuant to a custom, policy or practice.

## AS AND FOR A SIXTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTIETH: The answering defendant did not exhibit "deliberate indifference" to any of the plaintiff's/decedent's rights.

## AS AND FOR A SEVENTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIRST: That the plaintiff failed to mitigate any damages.

## AS AND FOR AN EIGHTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SECOND: Plaintiff's/decedent's claims are barred by the doctrines of res judicata and/or collateral estoppel.

**WHEREFORE**, the defendants demand a judgment dismissing the Complaint, and if such relief not be granted, then that its liability be limited as prayed herein, together with an award of the costs and disbursements of defending this action and such other and further relief to which this Court deems just and proper under the circumstances.

Dated: New York, New York
January 17, 2008

Respectfully submitted,

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)
Attorneys for Defendant,
GEORGE BUBARIS
369 Lexington Avenue - 8th Floor
New York, New York 10017
(212) 599-5799

TO:   LOVETT & GOULD, LLP
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York 10605
      (914) 428-8401
      Attention: Jonathan Lovett, Esq.

      SANTANGELO RANDAZZO & MANGONE LLP
      Attorney for Co-Defendant, Village of Mt. Kisco
      151 Broadway
      Hawthorne, New York 10532
      (914) 741-2929
      Attention: James A. Randazzo, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,                    **ECF CASE**

                      Plaintiff,                    07 CIV 8780 (CLB)

                                       **NOTICE TO TAKE**
   -against-                                **DEPOSITION UPON**
                                         **ORAL EXAMINATION**

TOWN/VILLAGE OF MT. KISCO,
New York, and GEORGE BUBARIS,
individually,

                      Defendants.
------------------------------------------------------------------X

**SIRS:**

**PLEASE TAKE NOTICE,** that pursuant to the Federal Rules of Civil Procedure, the testimony, upon oral examination of plaintiff, will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of **RUTHERFORD & CHRISTIE, LLP**, located at 300 East 42nd Street, 18th Floor, New York, New York, on February 28, 2008 at 10:00 o'clock in the forenoon of that day with respect to evidence and material necessary to the defense of this action.

That the said person to be examined is required to produce at such examination any and all documents relative to the claims in the plaintiff's Complaint.

Dated: New York, New York
       January 17, 2008

                                    Yours, etc.

                              **RUTHERFORD & CHRISTIE, LLP**

By: _____
        Lewis R. Silverman (LS 9723)
        Attorneys for Defendant,
        GEORGE BUBARIS
        369 Lexington Avenue - 8th Floor
        New York, New York 10017
        (212) 599-5799

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401
        Attention: Jonathan Lovett, Esq.

        SANTANGELO RANDAZZO & MANGONE LLP
        Attorney for Co-Defendant-Village of Mt. Kisco
        151 Broadway
        Hawthorne, New York 10532
        (914) 741-2929
        Attention: James A. Randazzo, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 17, 2008, a copy of the within **Amended Answer to First Amended Complaint and Notice to Take Deposition upon Oral Examination** furnished via Regular Mail to LOVETT & GOULD, LLP, 222 Bloomingdale Road, White Plains, New York 10605, Attention: Jonathan Lovett, Esq. and SANTANGELO RANDAZZO & MANGNONE LLP, 151 Broadway, Hawthorne, New York 10532, Attention: James A. Randazzo, Esq.

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LS 9723)