

**OFFICE OF THE DISTRICT ATTORNEY**
**WESTCHESTER COUNTY**

WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601
(914) 995-2000

**JANET DiFIORE**
DISTRICT ATTORNEY

**By Federal Express**                                July 23, 2008
Lewis R. Silverman, Esq.
c/o Rutherford & Christie, LLP.
369 Lexington Avenue (8th Floor)
New York, New York 10017-5947

                Re: *Perez v. Town of Bedford, et al.*, 07 Civ 8780 (CLB)
                **Objection Pursuant To F.R.C.P. Rule 45(c)(2)(B)**

Dear Mr. Silverman:

The Office of the District Attorney of Westchester County acknowledges receipt on July 11, 2008 of a Subpoena Duces Tecum issued by you as "Attorney for Defendant, George Bubaris," seeking production for inspection and copying on July 31, 2008 at the offices of Rutherford & Christie, LLP, at 339 Lexington Avenue, New York, New York of "[t]he entire criminal file maintained by the Westchester County District Attorney's Office pertaining to the investigation and prosecution of *The People of the State of New York v. George Bubaris*...including but not limited to video recordings, audio recordings, medical records, charts, maps, timelines, statements, sworn statements, sworn depositions, police reports, aided reports, arrest reports, subpoenas, subpoena responses, medical examiner's records, forensic records, all exhibits marked for identification and admitted into evidence at trial, Bedford Police Department records, DD-5 reports, audiotape transcripts, recorded interview audiotapes, New York State Police records and District Attorney investigator reports."

The "entire criminal file" that you seek is that maintained by this Office in regard to *People v Bubaris*, Westchester County Indictment Number 07-0679. In the course of that prosecution, your client was represented by criminal counsel that included Andrew Quinn, Esq. On June 17, 2008, after a jury trial in the Supreme Court of the State of New York, County of Westchester (Adler, J.), your client was found not guilty of all charges and the indictment was dismissed.

We note initially that, by reason of that result, our entire file (other than published records, decisions and opinions) has been automatically sealed by operation of law (NYCPL 160.50(1)). This Office is statutorily mandated not to disclose such material in the absence of an order lifting the seal in whole or in part issued by a Superior Court of the County of Westchester, State of New York. While NYCPL 160.50(1)(d) speaks to disclosure to the accused in whose favor the criminal action was terminated, the New York Court of Appeals has made clear that such a person is also required to "demonstrate a clear legal right to the records he seeks" to a Superior Court (*Matter of Harper v Angiolillo*, 89 NY2d 761, 765-68 [1997]).

In the event that you do seek such an order, the following objection pursuant to FRCP Rule 45 (c)(2) is stated by the Office of the District Attorney of Westchester County as a non-party to the

*Perez v Town of Bedford, et al.*            2            July 23, 2008

Federal proceeding, which names as parties the Estate of Juan Perez, your client, the "Town of Bedford" and the "Town/Village of Mt. Kisco." The Federal Rules require a higher showing for disclosure from any non-party, including that it not be otherwise available by means including discovery from the parties. That showing is further heightened by the fact that this Office is a busy prosecutorial agency, whose limited resources should not be diverted from its pursuit of pressing duties of high public import. Furthermore, your demand would improperly call for our transport of an enormous volume of material to a distant location, which violates the mandate under FRCP Rule 45(c)(1) that you "shall take reasonable steps to avoid imposing undue burden and expense on a person subject to [the] subpoena."

Initially, your subpoena is deficient as facially overbroad. The fact that your client was the subject of the criminal matter in which he enjoyed extensive disclosure before and in the course of the trial permits him to make specific demands for any material sought from the criminal file.

Your subpoena would have this Office again produce materials previously provided to your client in the criminal proceeding, both as a function of the discovery in that proceeding, production of *Rosario* and *Consolazio* material, and production in the course of pre-trial proceedings and the trial of all exhibits marked for identification. Such production included prior statements of all known witnesses (including those who did not testify) and of all of the categories of material stated in your subpoena. As such material is available to your client's criminal attorneys, you provide no reason for the reduplication of that production by this Office. You do not identify any material beyond that already available to you from the criminal proceeding.

You also seek production by this Office of its copies of materials generated by the police departments of Bedford and Mount Kisco. Apart from the prior production of such material in the criminal action, it is available to you in discovery in the Federal action from the parties Town of Mount Bedford and Town/Village of Mount Kisco. This Office should not be expected to produce its copies of such material in the absence of demonstration that specified material is not available from the parties (FRCP 45(c)(3)(A)(iv); *Linder v NSA*, 94 F3d 693; *SEC v Seahawk Deep Ocean Tech.*, 166 FRD 268; *Diamond State Ins. v Rebel Oil*, 157 FRD 691).

Your demand for "the entire criminal file" also impugns "governmental" privileges, of which several recognized variants apply to our files. While such privileges need not fall squarely within one of the defined variants traditionally recognized at common law (*Carr v Monroe Mfg.* 431 F2d 384), these are individually described for your information.

An "executive privilege" applies to any matter held in confidence to effectively discharge an important governmental duty, including investigation of violations of the law (*Griffin v City of Milwaukee*, 74 F3d 824, 828). It prevents disclosure that would reveal and so jeopardize the workings of a criminal investigatory agency, which applies even when that agency is a party to the litigation (*Jabara v Kelly*, 75 FRD 475; *DosSantos v O'Neill*, 62 FRD 448; *Black v Sheraton Corp.*, 50 F.R.D. 130; *Federal Practice and Procedure*, § 2019, pp. 168-69 and 171 and notes 20-22 and 31). It bars revelation of the internal procedures, investigative techniques and policies of this Office in investigating and prosecuting crimes (*Russ v Rasliff*, 68 FRD 691).

*Perez v Town of Bedford, et al.*           3           July 23, 2008

A "communications privilege" protects the confidentiality of communications made in the District Attorney's performance of her duties when impacting upon the decision making process as to the manner or extent of a criminal prosecution (*Nixon v Sirica*, 487 F2d 700, 716-17). It preserves the confidentiality of internal communications necessary to guarantee candor in exploring all the alternatives in a criminal investigation (*United States v Nixon*, 418 US 683, 711-12; *In re Sealed Case*, 121 F3d 729).

A "deliberative process" privilege "allows the government to withhold documents and other materials that would reveal 'advisory opinions, recommendations and deliberations'" (*Redland Soccer, Inc. v Department of Army*, 55 F3d 827, 853-54; *In re Sealed Case, supra*, 121 F3d at 737). Its purpose is to "prevent injury to the quality of agency decisions" (*Redland Soccer, supra*, citing *NLRB v Sears Roebuck & Co.*, 421 US 132, 151) and it recognizes that "were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer" (*id.*, citing *First Easter Corp. v Mainwaring*, 21 F3d 465, 468). Internal determinations as to the method or strategies of prosecution are deliberative processes traditionally protected from disclosure (*Wier Foundation v United States*, 508 F2d 894; *Standard Packaging Corp. v Curwood*, 365 F. Supp. 134).

In that sense, such a privilege is also akin to attorney's work product (*Federal Practice and Procedure, supra*, § 2023 et seq; *Tax Analysts, Inc. v I.R.S.*, 117 F3d 607). Even when a named party, a governmental agency is not required to disclose the conclusions and recommendations of its own investigators (*Reliable Transfer Co. v United States*, 53 FRD 24), much less any internal legal opinions (*Craig v Eastern Airlines, Inc.*, 40 FRD 508). "Work product" comprises "mental impressions, conclusions, opinions or legal theories" of the trial assistants, as well as the products of their research and that of the District Attorney's Investigators as "factual materials prepared in anticipation of litigation" (*Tax Analysts, supra*, citing *Michaels Piano, Inc. v FTC*, 18 F3d 138, 147 and *Martin v Office of Special Counsel*, 819 F2d 1181, 1184-87). Of course, it includes the demanded "charts, maps, timelines" prepared in the course of the criminal litigation.

Additionally, privileges under state law are highly persuasive of the propriety of federal disclosure (*King v Conde, supra*, 121 FRD at 187). In New York, governmental privileges are statutorily codified in its Freedom of Information Law (see *Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 117) and protect records compiled for law enforcement (N.Y. Public Officers, Law § 27(2)(e)(i),(iii) and iv)) and "intra-agency materials" (Id., §27(2)(g)), reflecting the common law privilege of "confidential communications between public officers, and to public officers in the performance of their duties" (*Cirale, supra*, 35 NY2d at 117).

Your demand would also comprise minutes of the grand jury presentation and related materials as to "Grand jury proceedings which are secret" and so implicate the statutory mandate that evidence before that body "may not be disclosed...without a court order" issued upon a showing of a sufficiently compelling need to invade the veil of secrecy necessary for effective functioning of a Grand Jury (CPL 190.25(4); *Matter of District Attorney of Suffolk County*, 58 NY2d 436; *see also, Douglas v Petrol*, 411 U.S. 211).

*Perez v Town of Bedford, et al.*　　　　　　　　4　　　　　　　　　　　　July 23, 2008

The only "medical records" in our file pertain to the decedent, which you are able to secure through your own effort or by discovery from the estate of the decedent as a party to your action, rather than seeking production of any copies thereof in our files. A proper demand made upon the custodian of those records would also enable that custodian to interpose any objections that might adhere in terms of privilege or confidentiality (*see,* Health Insurance Portability and Accountability Act of 1996 (HIPAA) (Pub L 104-191, 110 US Stat 1936); CPLR 3122(a)).

Our objections are a function of the fact that this Office is a non-party governmental agency whose files are privileged and confidential to the world at large and a prosecutorial office whose limited resources, fully dedicated to the pressing needs of criminal prosecution, would be diverted from pursuit of overriding social concerns of combating crime in this County.

As our invocation of Rule 45 (c)(2) negates a response to your subpoena at this juncture, we return herewith the $40.00 check attached to your subpoena.

　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　JANET DiFIORE
　　　　　　　　　　　　　　　　　　　　　　DISTRICT ATTORNEY
　　　　　　　　　　　　　　　　　　　　　　WESTCHESTER COUNTY

　　　　　　　　　　　　　　　　　　　　　　JOHN J. SERGI
　　　　　　　　　　　　　　　　　　　　　　Sr. Assistant District Attorney