UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIANO PEREZ, as Administrator of the
Estate of JUAN RENE JAVIER PEREZ,

       Plaintiff,

  -against-

TOWN OF BEDFORD, TOWN/VILLAGE
OF MT. KISCO, and GEORGE BUBARIS,
individually,

       Defendants.
------------------------------------------------------------X

**ECF CASE**

07 CIV 8780 (CS)(LMS)

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT, GEORGE BUBARIS' MOTION
## TO COMPEL TO WESTCHESTER COUNTY DISTRICT ATTORNEY

*Of Counsel:*

 Lewis R. Silverman

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**ALLEGATION OF PLAINTIFF'S COMPLAINT AND BACKGROUND**..........................1

**PROCEDURAL POSTURE AND ISSUE PRESENTED**.........................................................2

**ARGUMENT**..............................................................................................................................3

### POINT I

Applicable Standard......................................................................................................3

### POINT II

District Attorney's Objections......................................................................................4

    New York Criminal Procedure Law § 160.50.........................................................4

    Undue Burden and Overbreadth/Prior Production in Criminal Case.....................5

    Materials Otherwise Available................................................................................6

    State Law Privileges................................................................................................7

    Grand Jury Secrecy..................................................................................................8

**CONCLUSION** ..........................................................................................................................9

# TABLE OF AUTHORITIES

## Cases:

Burke v. New York City Police Department,
    115 F.R.D. 220, 225, (S.D.N.Y. 1987)..................................................................7

Cruz v. Kennedy,
    1997 WL 839483 (S.D.N.Y. 1997)..............................................................3, 4, 8

Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc.,
    756 F.2d 230, 236 (2d Cir.1985).......................................................................4

Harper v. Angiolillo,
    89 N.Y.2d 761, 766, 658 N.Y.S.2d 229, 680 N.E.2d 602 (1997).......................5

Hawks v. Diina,
    2006 WL 2806557 *2 (W.D.N.Y. 2006)..........................................................3, 4

King v. Conde,
    121 F.R.D. 180 (E.D.N.Y. 1988)..............................................................3, 4, 7, 8

Kymissis v. Rozzi,
    1994 WL 376048 (S.D.N.Y. 1994)..............................................................3, 5, 7

Lehman v. Kornblau,
    206 F.R.D. 345, 348 (E.D.N.Y. 2001)...............................................................3, 5

Unger v. Cohen,
    125 F.R.D. 67 (S.D.N.Y.1989)...........................................................................4

United States v. Proctor & Gamble Co.,
    356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).....................................4

## Statutes, Rules and Regulations

Rule 45 of Federal Rules of Civil Procedure

Rule 26 of Federal Rules of Civil Procedure

28 U.S.C. § 1983

New York Criminal Procedure Law § 160.50

## PRELIMINARY STATEMENT

Defendant, GEORGE BUBARIS, files this motion pursuant to Rules 45 and 26(b)(1) of the Federal Rules of Civil Procedure to compel a non-party, the Westchester County District Attorney's Office, to comply with a subpoena duces tecum. The subpoena is dated July 10, 2008 and was served on the District Attorney's Office on July 11, 2008. The District Attorney's Office, through Senior Assistant District Attorney John J. Sergi, acknowledged receipt of the subpoena in correspondence dated July 23, 2008. Mr. Sergi objected to producing any of the demanded materials on several purported bases, but the District Attorney's Office has not moved to quash the subpoena, nor taken any other formal action with respect to the subpoena.

## ALLEGATIONS OF PLAINTIFF'S COMPLAINT AND BACKGROUND

For the purposes of this motion, the following facts are alleged in the plaintiff's Complaint, but this in no way signifies that defendant accepts their truth. The plaintiff is the Administrator of the Estate of Rene Perez (hereinafter "decedent"), who died in the early morning hours of April 28, 2007 after being found unconscious on the side of a roadway in Bedford, New York near the border with the Town of North Castle. See Exhibit "A," Plaintiff's Amended Complaint. The plaintiff's Amended Complaint asserts federal civil rights causes of action and pendent state law claims for wrongful death and the decedent's conscious pain and suffering.

According to the pertinent allegations of the plaintiff's Complaint, on April 27/28, 2007 Mr. Bubaris took the decedent into custody, struck him in the abdominal area and transported him outside of Mt. Kisco to intentionally dump him on the shoulder of Byram Lake Road. See

Exhibit "A," Plaintiff's Amended Complaint. Mr. Bubaris was indicted by a Westchester County Grand Jury and was tried before Justice Lester Adler and a jury in Westchester County Supreme Court. The jury returned a verdict in favor of Mr. Bubaris and found him not guilty of all charges, which included charges of manslaughter and official misconduct. The factual issues in this federal civil rights case are essentially identical to those in the criminal case. Based upon conversations with the plaintiff's counsel and counsel for the co-defendant, they do not oppose our application and join in the motion.

## PROCEDURAL POSTURE AND ISSUE PRESENTED

Discovery is presently ongoing in this 28 U.S.C. § 1983 matter and as part of the discovery process, subpoenas were served on the prosecuting agency, the District Attorney's Office, and the lead law enforcement agency, the Bedford Police Department. The materials in the District Attorney's Office's file and the Bedford Police Department investigative file are clearly relevant in this case which arises out of the same operative facts and circumstances as those present in the criminal case. The requests for the production of the materials are calculated to lead to the discovery of admissible evidence because the investigation of the decedent's death and the District Attorney's prosecution of Mr. Bubaris will undoubtedly contain witness information, statements, forensic data, exculpatory (*"Brady"*) material and other clearly relevant material and/or documents. The District Attorney's refusal to comply with the subpoena has no basis and an Order compelling production is appropriate.

## **ARGUMENT**

### **POINT I**

### **APPLICABLE STANDARD**

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, upon receipt of an objection to a subpoena, "the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an Order to compel the production . . . ." Other courts have examined the issue that is presented here where a District Attorney's Office has objected to the production of its file. In Cruz v. Kennedy, 1997 WL 839483 (S.D.N.Y. 1997), for example, the court explained that in a circumstance where a party has issued a subpoena to a District Attorney, to which the District Attorney has objected "it is within the power of this Court to issue an order compelling production." Id. at *2 (citing Kymissis v. Rozzi, 1994 WL 376048 (S.D.N.Y. 1994). Thus, this Court has jurisdiction to resolve this dispute and issue an appropriate order under the circumstances.

Furthermore, New York State law does not govern discoverability and confidentiality in federal civil rights actions such as the case at bar. See Lehman v. Kornblau, 206 F.R.D. 345, 348 (E.D.N.Y. 2001); Cruz, 1997 WL 839483 at *1; Kymissis at *1 (citing King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988)). Rule 26 of the Federal Rules of Civil Procedure sets forth the appropriate standard for discovery in this instance. See Hawks v. Diina, 2006 WL 2806557 *2 (W.D.N.Y. 2006). "The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)." Id.

Significantly, courts have repeatedly held that state privacy rules "should never be permitted to 'frustrate the important federal interests in broad discovery and truth-seeking and the

3

interest in vindicating important federal substantive policy such as that embodied in section 1983.'" Cruz at *1 (quoting King, 121 F.R.D. at 187; and citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir.1985); Unger v. Cohen, 125 F.R.D. 67 (S.D.N.Y.1989)). Thus, to the extent that the materials sought from the District Attorney here are relevant and appear to be reasonably calculated to lead to the discovery of admissible information, they should be produced and not withheld based on New York state law. See Rule 26(b)(1); Hawks, 2006 WL 2806557 *2.

## POINT II

## DISTRICT ATTORNEY'S OBJECTIONS

In their correspondence objecting to the subpoena, the District Attorney's Office makes several distinct arguments to support their objection. The asserted objections are based on New York Criminal Procedure Law § 160.50 pertaining to sealing of the file following an acquittal, burdensomeness, overbreadth, production of materials in the criminal case, the fact that materials that may be otherwise available, various state law privileges and secrecy of Grand Jury minutes. Each of these objections are misplaced and are addressed in turn below.

### New York Criminal Procedure Law § 160.50

The District Attorney initially contends that pursuant to New York Criminal Procedure Law § 160.50 automatically seals their entire file by operation of law. According to Criminal Procedure Law § 160.50(1)(d), however, an accused in a criminal proceeding with a favorable

4

termination, such as Mr. Bubaris, is entitled to have access to the District Attorney's prosecution file. The "appropriate procedure to be followed to effect an unsealing of criminal records pursuant to § 160.50 in the context of discovery in a federal civil suit . . ." includes a subpoena to the District Attorney. Lehman, 206 F.R.D. at 347 (citations omitted).

The primary purpose behind § 160.50 is to ensure confidentiality and to avoid any potential stigma associated with the prosecution. Id. (citing Harper v. Angiolillo, 89 N.Y.2d 761, 766, 658 N.Y.S.2d 229, 680 N.E.2d 602 (1997)). A party otherwise protected by the sealing order, however, can waive that protection. CPL § 160.50(1)(d); Kymissis at *1. Where the protection is waived, any invasion of privacy that would result from production of the District Attorney's file is not a factor that would favor non-production. Kymissis at *1. Inasmuch as Mr. Bubaris is the party seeking production, he has waived any confidential interest in the protection afforded by § 160.50 to aid in the defense of the instant matter. As in Lehman, where the demanding party was also the subject of the criminal prosecution, the court should permit Mr. Bubaris to obtain the sealed materials for use in preparing his defense here.

**Undue Burden and Overbreadth/Prior Production in Criminal Case**

The District Attorney also claims that they are a "busy prosecutorial agency, whose limited resources should not be diverted from its pursuit of pressing duties of high public import." It is inconceivable that producing the file materials used in a systematic and organized manner during a high-profile criminal trial would consume undue resources. The District Attorney's Office also objects to "transporting" the materials from White Plains to a "distant location" in mid-town Manhattan (according to www.RandMcNally.com, the distance is thirty-

5

one miles). These conclusory and self-serving statements are further belied by the admitted tremendous resources the District Attorney put into seeking a politically-motivated conviction of Mr. Bubaris. It is somewhat disingenuous to now argue that they are now too busy to assemble the material or transport the materials thirty-one miles in the wake of an acquittal. In any event, in accordance with Rule 45(c)(1), which calls for taking reasonable steps to avoid imposing undue burden and expense, arrangements can be made to reproduce and retrieve the materials from the District Attorney's offices in White Plains.

The related objection of overbreadth is also conclusory. The District Attorney's Office does not specify how or why the subpoena is overly broad. Their only argument is that Mr. Bubaris was entitled to disclosure in the criminal case and that somehow permits him to make more specific demands than those already made in the subpoena. As noted above, however, discovery in a Federal civil rights case is extremely broad. Materials that may have been withheld in the criminal case may not be subject to the same protection under the Federal discovery rules. The fact that materials were previously provided in a related criminal action does not excuse a party from its discovery obligations in another action.

Mr. Bubaris may seek *Brady* materials and review the District Attorney's file to determine whether such materials exist but were not produced in the criminal action. It cannot be credibly argued that discovery of *Brady* materials are not relevant to the defense in this case.

## Materials Otherwise Available

To the extent that the District Attorney's Office claims that the materials sought in the subpoena are "otherwise available" from other sources, this also does not excuse it from

6

producing materials in their possession. Obtaining materials from different sources enables a party to compare the materials provided to ensure that all relevant materials have been provided. The reach of Rule 45 does not make an exception because materials are available from more than one source.

**State Law Privileges**

It is well settled that "[q]uestions of privilege in federal civil rights cases are governed by federal law." King, 121 F.R.D. at 187 (citations omitted). The various state law privileges relied upon by the District Attorney in their objections, therefore, are not controlling here. In King, the court explained that, rather than "apply state law privilege to a federal civil rights claim, the magistrate must vindicate the purposes of federal discovery and privilege law." Id. Moreover, "the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case." Id. (quoting Burke v. New York City Police Department, 115 F.R.D. 220, 225, (S.D.N.Y. 1987)). Quite appropriately, Judge Weinstein warned in King that:

> "It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for [parties] to develop the kind of information they need . . . ."

King, 121 F.R.D. at 187-88 (citations omitted).

To evaluate the privilege asserted, courts must balance the competing interests of federal law and the state law privilege at issue. Id. at 188. To begin with, the "party seeking to invoke a privilege has the burden of justifying its application." Kymissis at *1 (citing King, 121 F.R.D. at

7

189). Even if a particular privilege appears to be applicable, as noted above, "these rules should not frustrate in broad discovery, truth-seeking and the interest in vindicating important federal substantive policy." Cruz at *1 (quoting King, 121 F.R.D. at 187)(citations omitted).

In the instant case, there is a significant federal interest in full disclosure of the District Attorney's file materials relevant to the prosecution of the defendant in a civil case that substantially overlaps the issues in the criminal case. In addition, the District Attorney's privilege objections assert only general needs for confidentiality and fail to provide the requisite specificity or particularity that weigh in favor of nondisclosure. See Cruz at *2. The federal interest in full disclosure substantially outweighs a general need for confidentiality.

**Grand Jury Secrecy**

The District Attorney also raises an objection to Grand Jury minutes. To the extent that the District Attorney provided Grand Jury minutes of all witnesses who testified at trial to the defendant's prior criminal defense attorney, this portion of the subpoena is hereby withdrawn. If there are other portions of the minutes of the Grand Jury proceedings that were not previously produced, however, the request remains standing. Testimony of witnesses at the Grand Jury is undoubtedly relevant and discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## CONCLUSION

Based on the above, it is respectfully requested that the Court issue an Order compelling the District Attorney to comply with the subpoena, along with any other and further relief that the Court deems just and proper.

Dated: New York, New York
       August 22, 2008

                                      Respectfully submitted,

                                      **RUTHERFORD & CHRISTIE, LLP**

By: _____
       Lewis R. Silverman (9723)
       Attorneys for Defendant,
       GEORGE BUBARIS
       300 East 42nd Street, 18TH floor
       New York, New York 10017
       (212) 599-5799

TO:    WESTCHESTER COUNTY DISTRICT ATTORNEY **(By Hand)**
        *Non-Party Respondent*
        Westchester County Courthouse
        111 Dr. Martin Luther King, Jr. Boulevard
        White Plains, New York 10601
        (914) 995-2000
        Attention: John J. Sergi, Esq.
                Senior Assistant District Attorney

LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
Attention: Jonathan Lovett, Esq.


GELARDI & RANDAZZO, LLP
Attorneys for Co-Defendant Town/Village of Mount Kisco
151 Broadway
Hawthorne, New York 10532
(914) 495-3050
Attention:   James A. Randazzo, Esq.

10